[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2010
JOHN LEY
CLERK

_____

No. 10-10766
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cv-61831-CMA

PAMELA CARVEL,
individually, a fiduciary and next friend, on behalf of herself
and others similarly situated,

Plaintiff - Appellant,

FLORIDA ATTORNEY GENERAL,
FLORIDA DEPARTMENT OF REVENUE,
U.S. DEPARTMENT OF JUSTICE,

Third-Party Plaintiffs,

versus

BETTY GODLEY,
JOHN/JANE 1-30 DOE,
DOE CO. 1-30,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Pamela Carvel, proceeding *pro se*, appeals the district court's dismissal of her second amended complaint with prejudice and its order taxing costs. Carvel advances numerous claims against Betty Godley for depriving Carvel and her deceased aunt, Agnes Carvel, of the fortune acquired by Thomas Carvel. The gravamen of the complaint is that Godley took countless illegal actions to consume the ice cream fortune amassed by Thomas. Because Carvel failed to give a plain statement of the basis for relief, the district court dismissed her complaint. We affirm.

Carvel's second amended complaint[1] contained twelve counts alleging wrongful conduct by Godley.[2] The district court, adopting the report and

---

[1]This is Carvel's fourth attempt to submit a complaint that complies with the Federal Rules of Civil Procedure. She was informed by the district court and magistrate judge that her initial complaint, amended complaint, and proposed second amended complaint all failed to satisfy, among other things, the plain statement requirement of Rule 8.

[2]The complaint is thirty-eight pages long and contains more than 300 numbered paragraphs. Each of the counts adopt all of the allegations made in the preceding paragraphs. It explicitly alleges the following with section headings: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraud; (3) breach of fiduciary duty; (4) intentional infliction of emotional distress; (5) negligence; (6) aiding and abetting conspiracy; (7) fraud in the inducement; (8) violation of guaranteed rights; (9) violation of Uniform Fraudulent Transfers Act; (10) wrongful use of civil proceedings; (11) conversion; and (12) intentional interference with business relationships. Despite these headings, Carvel commingles different theories of relief in each section.

recommendation of the magistrate judge in whole over Carvel's objections, identified two problems that permeated the complaint. First, Carvel advanced claims in her alleged capacity as Agnes's personal representative and assignee. The district court concluded that as a *pro se* litigant, Carvel could not pursue claims in more than an individual capacity. Second, it characterized Carvel's complaint as "a rambling narrative that commingles multiple causes of action in every count, incorporates all preceding allegations into every count, and fails to put Godley on notice of her allegedly wrongful conduct" that did not meet the plain statement requirement of Federal Rule of Civil Procedure 8 ("Rule 8"). The district court acknowledged that the magistrate judge went beyond those two general problems to discuss troublesome aspects of individual claims. Based on Carvel's previous failures to submit a compliant that complied with minimum pleading standards, the district court dismissed the second amended complaint with prejudice. Carvel filed a notice of appeal and Godley filed a motion to tax costs and fees. Approximately three months later, the district court granted Godley's motion and awarded $300 in costs. This appeal followed.

We review dismissals granted pursuant to Rule 12(b)(6) *de novo. See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (citation omitted). We accept the allegations in the complaint as true and construe them in

the light most favorable to the nonmoving party. *Id.* "[Rule] 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Id* at 1964–65. While leave to amend should ordinarily be freely given, clear or explicit justifications, such as "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, [and] futility of amendment," can justify dismissal with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

While *pro se* pleadings are to be construed liberally, *Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted), such filings must still comply with the rules of civil procedure. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite

4

an otherwise deficient pleading in order to sustain an action.") (internal citations omitted).

Here, Carvel's complaint contains neither a "short and plain" statement justifying relief nor allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rather, it continues to suffer from the same deficiencies that the magistrate judge and the district court repeatedly advised Carvel to correct. Ultimately, her second amended complaint is an insufficient "shotgun" complaint. *Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). Carvel asks us to force the district court and the defendant to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any. After a thorough review, we agree with the district court that such a pleading cannot adequately put Godley on notice of her allegedly wrongful conduct. The district court's dismissal of the complaint with prejudice was

appropriate.[3]

**AFFIRMED.**

---

[3]Carvel, in two conclusory sentences, alleges that the district court erred by awarding $300 in costs to Godley.  Arguments not fully briefed on appeal are considered abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).